CLINTON G. WEIMAN *v.* JEAN WEIMAN

PETERS, PARSKEY, ARMENTANO, SHEA and F. HENNESSY, Js.

Argued March 10—decision released August 31, 1982

*Joseph M. Kaye* and *Charles E. Janson,* with whom, on the brief, were *Katherine S. Albrecht* and *Barbara A. Newcomb,* for the appellant (defendant).

*Samuel V. Schoonmaker III*, with whom, on the brief, was *Sharon M. Schweitzer*, for the appellee (plaintiff).

F. HENNESSY, J. The plaintiff appealed and the defendant cross appealed from the judgment of the trial court dissolving their marriage.

The defendant wife claims that the court abused its discretion in the amount of alimony awarded, the duration of the alimony awarded, and the assignment of property.[1] The plaintiff husband claims the

---

[1] The orders of the court are summarized as follows:

1. The plaintiff will pay all support, medical and educational expenses for all five children of the parties until each child finishes college. This obligation extends beyond the age of majority and includes payment for tuition, room, board, books, supplies, fees and reasonable transportation of each child at school or college. The defendant shall have no responsibility for the payment of any child support or educational costs.

2. The plaintiff shall pay the defendant alimony in the amount of $1000 per month for one year and $500 per month for the second year.

3. The parties' jointly owned realty at Lake George, New York, shall be sold immediately. After the payment of all costs of sale and mortgage, the defendant shall receive $15,000 as recompense for her cash payment towards the purchase of the property. From the balance of the proceeds of the sale, the defendant's counsel fees of $15,000 shall be paid and the defendant's loans of $5225 and $6850 from her family shall be repaid. After payment of the capital gains tax, the balance is to be divided equally between the parties.

4. The parties' jointly owned residence in Greenwich, Connecticut, shall be sold after August 4, 1980. After the tax and costs of sale are paid, family loans of $30,000 shall be repaid with interest at the rate of 7% per annum. From the net proceeds of the sale, the defendant shall receive $20,000 and an additional $15,000 as recompense for a gift made to the parties' children. The remaining balance shall be equally divided between the parties.

5. The plaintiff shall carry life insurance upon his life in the amount of $150,000 with the defendant as beneficiary.

6. The plaintiff shall pay $945 for medical expenses owed by the defendant.

court abused its discretion in awarding the defendant $10,000 in counsel fees in order to bring this appeal.

In determining whether to award alimony, the court "shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and [any property] award . . . pursuant to section 46b-81 . . . ." General Statutes § 46b-82. In assigning property when dissolving a marriage, the court, in addition to the criteria listed in § 46b-82, must consider the liabilities of the parties and "the opportunity of each for future acquisition of capital assets and income." General Statutes § 46b-81 (c).

The court is not obligated to make express findings on each of these statutory criteria. *Dubicki* v. *Dubicki,* 186 Conn. 709, 716, 443 A.2d 1268 (1982); *Posada* v. *Posada,* 179 Conn. 568, 573, 427 A.2d 406 (1980). The purpose of alimony is to meet one's continuing duty to support; *Wood* v. *Wood,* 165 Conn. 777, 784, 345 A.2d 5 (1974); while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his. *Beede* v. *Beede,* 186 Conn. 191, 195, 440 A.2d 283 (1982).

In this matter the trial court was presented with a wealth of information which, although contradictory in some respects, addressed all areas of consideration required by the statutes. In order to conclude that a trial court abused its discretion in a domestic relations case we must find that the court either incorrectly applied the law or could not

reasonably conclude as it did. *Beede* v. *Beede,* supra, 194; *Smith* v. *Smith,* 185 Conn. 491, 494, 441 A.2d 140 (1981); *Basile* v. *Basile,* 185 Conn. 141, 144, 440 A.2d 876 (1981).

The division of property was structured in such a manner as to return to the defendant her contribution and that of her family. Payments for the defendant's counsel fees, medical bills, her outstanding debts and any capital gains tax on the property were to be made from the proceeds resulting from the sale of the real estate. The defendant, in addition, is to receive significant sums of money and one-half the remainder of the net proceeds from the sale of the real estate.

The alimony awarded the defendant was not substantial in amount nor was it for a long period of time.[2] When considered, in the context of other orders which required the plaintiff to pay for the full support, college education, and medical expenses of the five children of the marriage and to maintain insurance on his life for the benefit of the defendant, we cannot say the award is clearly erroneous.[3]

We hold that the trial court made its awards as required by law and that they are amply supported by the record. *Beede* v. *Beede,* supra; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

---

[2] The clarification of the amount and duration of the alimony award made by the court in its supplemental judgment was proper in that the court only affirmed its intention to comply with this court's decision in *Scoville* v. *Scoville,* 179 Conn. 277, 426 A.2d 271 (1979).

[3] The defendant claimed that the court refused to consider the value of a pension plan which was part of the plaintiff's employment benefits. The record and both counsel state that the plaintiff's pension plan was given consideration by the court and it was found that he would receive a total distribution of $54,000 on retirement.

The plaintiff has appealed the award to the defendant of $10,000 for counsel fees so that she might bring an appeal in this case. The plaintiff contends that the court's award was an abuse of discretion because the defendant had ample funds to pay her attorney. No objection is made as to the amount of fees requested.[4]

Whether to award counsel fees in matters involving a dissolution of marriage is within the discretion of the trial judge. General Statutes § 46b-62. In ordering either spouse to pay counsel fees, the court must consider the respective liabilities of each and the statutory criteria for awarding alimony.[5]

That a party has sufficient funds to pay the attorney does not preclude an award for counsel fees.

---

[4] Because the amount of the fee has not been questioned we have no occasion to consider whether under the circumstances of this case the amount was justified.

[5] "[General Statutes] Sec. 46b-62 (Formerly Sec. 46-59). ORDERS FOR PAYMENT OF ATTORNEY'S FEES IN CERTAIN ACTIONS. In any proceeding seeking relief under the provisions of this chapter and sections 17-323a, 17-323b, 45-162, 46b-1, 46b-6, 46b-204, 47-14g, 52-362 and 54-27, the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

"[General Statutes] Sec. 46b-82 (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, station, occupation, almount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

*Arrigoni* v. *Arrigoni,* 184 Conn. 513, 519, 440 A.2d 198 (1981). Rather, the question the court must address is whether the defendant had ample liquid funds to pay counsel fees. *Koizim* v. *Koizim,* 181 Conn. 492, 435 A.2d 1030 (1980). If the court could reasonably have concluded that the defendant's financial resources, even when supplemented by the financial orders contained in the judgment, were necessary to meet her future needs and therefore were not available to pay counsel fees, there was no abuse of discretion. Although the defendant had liquid assets resulting from the judgment, in reviewing the overall awards, we cannot say that the trial court's order for counsel fees was unreasonable.

There is no error.

In this opinion the other judges concurred.