WINIFRED E. STEPHENS *v.* ROLLIE D. STEPHENS
(8272)

FOTI, CRETELLA and LANDAU, Js.

Argued May 9—decision released July 17, 1990

*Gary B. Traystman,* for the appellant (defendant).

*Linda L. Mariani,* with whom, on the brief, were *Carolyn O. Brotherton* and *Brian LeClair,* for the appellee (plaintiff).

CRETELLA, J. In this appeal from the judgment dissolving the marriage of the parties, the defendant asserts an abuse of judicial discretion by the trial court relative to its awards of alimony, property and attorney's fees.

The plaintiff filed this action on September 20, 1988, seeking dissolution of the parties' thirty year marriage on the ground of irretrievable breakdown. On October 4, 1988, a full hearing on the merits was held before *Hon. Eli L. Cramer,* state trial referee, sitting as the trial court. By memorandum of decision filed July 18, 1989, the court concluded that the marriage of the parties had broken down irretrievably and entered the following orders, among others: (1) the defendant was awarded $35,000 without interest from the marital residence, $12,000 to be paid within three years of the dissolution and the remainder to be paid on the plaintiff's death, remarriage or sale of the residence; (2) the defendant was held responsible to pay debts incurred after the dissolution papers were served; (3) the defendant was to maintain medical insurance for the plaintiff for three years; (4) the plaintiff was to receive 40 percent of the defendant's military pension as a property settlement; (5) the plaintiff was to receive annual alimony payments of $1; and (6) the defendant was to pay the plaintiff's attorney's fees.

At trial, both the plaintiff and the defendant testified concerning the causes of the marital breakdown, their occupations and incomes, and their respective contributions to the acquisition and preservation of the

marital residence. Additionally, each party filed detailed financial affidavits, which the court considered.

The plaintiff's contribution to the household consisted mainly of her work in caring for the home and the five children born of the marriage, but, in the four years immediately prior to the dissolution, she earned $75 per week as a housecleaner. The defendant earned approximately $546 per week as a United States postal employee. He also received roughly $1212.89 per month through his army pension. The plaintiff and her son offered testimony that the primary cause of the breakdown consisted of the defendant's physical and emotional abuse of his wife and children. In a motion for articulation, the defendant asked whether the breakdown of the marriage resulted from the fault of either party and the court responded that fault existed on the part of the defendant.

The evidence before the trial court addressed all areas of consideration required under General Statutes §§ 46b-81 and 46b-82. The gravamen of the defendant's claim concerning the orders rendered as part of the dissolution judgment is that the trial court abused its discretion by failing to consider all of the statutory criteria. We disagree. In its memorandum of decision the court stated that "[i]n making these awards, the court has taken into consideration the appropriate provisions of §§ 46b-40 through 46b-87 of the General Statutes." "The court was not obligated to make express findings on each of the statutory considerations." *Dubicki* v. *Dubicki*, 186 Conn. 709, 716, 443 A.2d 1268 (1982).

The defendant claims that each of the six orders of the trial court mentioned above constitutes an abuse of judicial discretion. He is clearly dissatisfied with the distribution of assets and seeks to have this court retry the case and substitute its judgment for that of the trial court. Our review reveals that the trial court's orders

are not the result of incorrect applications of the law and that they are supported by the evidence. See *Weiman* v. *Weiman,* 188 Conn. 232, 235, 449 A.2d 151 (1982). We find no abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.