[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff husband against the defendant wife. Since the plaintiff did not appear in person to proceed on the complaint in this matter but appeared by counsel, the defendant chose to proceed on the cross-complaint. The defendant has filed an answer admitting all of the allegations of the complaint, and the court finds that all of the allegations of the CT Page 8130 cross-complaint have been proved and are true.
The parties were married on March 26, 1959. There have been four children issue of the marriage, three girls and a boy, all of whom are now grown and over the age of majority.
The defendant is a Registered Nurse having graduated from Norwalk Hospital Nursing School with an Associate's Degree. She worked in the delivery room at St. Vincent's Hospital until 1970 when she had to stop to take care of their four small children. Except for the years 1985 and 1986 when the defendant assisted the plaintiff in his business as a bookkeeper, the defendant has not worked since then.
The defendant is 53 years of age and not in good health. She has a hiatal hernia and is taking Zantac, has a mitral valve prolapse, a lung disfunction for which she must take penicillin from time-to-time and has had the hormone Premosin prescribed by her doctor. She has also been under considerable stress and has arthritis. She is hopeful that she will be able to return to work once her stress has been alleviated and provided the conditions of employment can accommodate her physical problems.
The plaintiff is 54 years of age and has a high school education. He began work as a land surveyor, then a mechanic, then an iron worker for a number of years and then went into the tree business conducting that business under the name of RR Tree Service in 1985, 1986 and 1987.
In 1987 the plaintiff began working on a new technology for gasoline internal combustion engines, apparently a new form of carburation. He has been working on this invention with his son since that time and has received financing from a Venture Capital Group in Stamford receiving financing of $1000.00 per week. In 1988 he refinanced the mortgage and spent close to $60,000.00 of that refinancing in the development of his invention. He has traveled throughout Europe in search of financing for the development of his new technology and is presently in Florida seeking financing. He has stated that he now has three million dollars in financing which has been made available.
The parties purchased the real property at 231 Seaver Circle in Bridgeport in 1973 for $16,000.00. From 1973 to 1988, the property was exclusively in the defendant's name. In 1988 the plaintiff remortgaged the property so that the defendant quitclaimed a one half interest to the plaintiff. After the refinancing, he reconveyed the property to the defendant. The mortgage on the property at the time of trial was in CT Page 8131 foreclosure, and the defendant had made arrangements to sell, having received an offer of $119,000.00. Back taxes are owed in an amount of $2,000.00 and sewer and water use taxes amount to $150.00.
The parties separated in November, 1989 when the plaintiff began seeing another woman and living with her in a condominium in which he was living. There were allegations that he bought her a mink coat and would take her flying in his airplane.
During the development of his invention, the plaintiff was receiving $1,000.00 per week. The court finds he has an earning capacity of that amount and has taken his earning capacity into account in setting alimony. Schmidt v. Schmidt,180 Conn. 184, 189 (1980); Miller v. Miller, 181 Conn. 610, 611,612 (1980).
The court finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the cross-complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably.
4. The plaintiff is at fault for the breakdown of the marriage.
5. There is an arrearage on the pendente lite orders to May 24, 1991, the date of the trial of this matter, in the amount of $3,250.00 (13 weeks at $250.00 per week).
In determining the proper orders in this case the court must consider the factors set forth in 46b-81 and 46b-82
of the General Statutes. With respect to alimony and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970), `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for CT Page 8132 dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight.
Valente v. Valente, 180 Conn. 528, 530 (1980).
The court has considered all of the criteria of46b-81 and 46b-82 together with the provisions of 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr,183 Conn. 366, 368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232,234 (1982).
The court enters the following orders on the defendant's cross-complaint.
1. A decree of dissolution of marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The plaintiff shall pay alimony to the defendant in an amount of $250.00 per week terminable upon the death of either of the parties or the defendant's remarriage.
3. Title of the marital home at 231 Seaver Circle, Bridgeport, shall be entirely in the defendant's name free of any claim by the plaintiff.
4. The defendant shall receive a one third (1/3) interest in the plaintiff's invention involving the components for or any part of an internal combustion engine in development by the plaintiff.
5. The defendant shall receive from the plaintiff the arrearage of $3,250.00 on the pendente lite orders and any further arrearages to the date hereof on or before December CT Page 8133 31, 1991.
6. The plaintiff shall pay to defendant's counsel the sum of $3,000.00 as a contribution toward defendant's counsel fees on or before December 31, 1991.
7. The plaintiff shall transfer all of his right, title and interest in and to the 1981 Oldsmobile Toronado to the defendant free and clear of all encumbrances.
8. The defendant shall transfer all of her right, title and interest in and to the 1970 AMC Flatbed truck listed on her financial affidavit to the plaintiff.
9. The furniture and household goods and effects in the defendant's possession shall be hers free of any claim or demand by the plaintiff. The furniture and household goods and effects in the plaintiff's possession shall be his free of any claim or demand by the defendant. 10. The other personal property listed in the defendant's financial affidavit shall be hers free of any claim or demand by the plaintiff. 11. The personal property listed on the plaintiff's financial affidavit of November 29, 1990, which has not been disposed of prior to this date and except for that property affected by the orders herein set forth, shall be the property of the plaintiff free from any claim or demand by the defendant. 12. The defendant shall be responsible for those liabilities set forth in her financial affidavit except for the liability to Connecticut National Bank on the Master Card account, Sears and J. C. Penny accounts which shall be the plaintiff's responsibility, and he shall indemnify and hold harmless the defendant from any claims or demands thereon.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE