[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action returnable June 16, 1992 for a dissolution of marriage and for other relief brought by the plaintiff husband against the defendant-wife. Under date of May 29, 1992 the defendant-wife filed a cross complaint against the plaintiff-husband claiming a dissolution of marriage and other relief as appears of record.
The plaintiff husband, whose date of birth is February 16, 1954, is 39 years of age. At the present time he is a resident of Chelsea, Massachusetts. Plaintiff claims to enjoy good health but appears to be slightly overweight. He is employed by Business Express Airlines as an airline pilot. However, he testified that he anticipates relocating to Florida and becoming employed by Paradise Airlines as director of flight operations. He anticipates a salary of $55,000 per year. The plaintiff previously conducted F.A.A. pilot check flights in the northeast area. However, it is problematical as to whether he will be able to conduct F.A.A. pilot check rides in the Florida area.
In addition to his occupation as a airline pilot the plaintiff also conducted, with the assistance of the defendant, two businesses; S E Transportation and New England Brake. Both of these businesses floundered and eventually folded in 1989.
The defendant-wife, whose date of birth is July 11, 1948, is 44 years of age. She appears to enjoy good health. She is employed by Jist Inc., at a salary of $33,000 per year. She is a saleswoman whose primary responsibility is to procure new business CT Page 3176 in Fairfield County and New York.
At the time of the marriage the defendant wife owned and occupied the real estate identified as 227 Ryegate Terrace, Stratford, Connecticut, with her two sons from a prior marriage, namely Kevin and Timothy then ages 9 and 11. At the time of this marriage the premises had an approximate fair market value of $100,000 subject to a $20,000 first mortgage and a buy out responsibility to her former husband of approximately $30,000 and therefore an equity of approximately $50,000.
The parties first met in 1984 and courted for approximately five or six months, whereupon they were married in Stratford, Connecticut, on February 23, 1985. It appears that the marriage lacked a solid foundation and strength as the parties experienced prolonged estrangements and separations on at least five or six occasions. The plaintiff finally vacated the marital premises in April of 1992. There were many factors contributing to the irretrievable breakdown of this marriage. One important factor appears to be the plaintiff's reckless use of credit cards together with the ill-fated businesses of S E Transportation and New England Brake. At the outset of the marriage the plaintiff embarked on a program of repairing and renovating the premises at 227 Ryegate Terrace. This initially led to a second mortgage of $60,000 which was used, in part, to buy out the defendant's former husband and to pay off some credit card balances which had been used to buy material for repairs. The first and second mortgage was then rolled over into a first mortgage of approximately of $140,000 in April of 1986. Again the proceeds being used to pay off the existing mortgages and various credit card indebtedness. This mortgage was eventually rolled over to another $172,000 mortgage, again used to pay off the existing mortgage and various credit card balances. Credit card balances were continually run up in order to subsidize the businesses of S E Transportation and New England Brake. The parties, but especially and emphatically, the plaintiff, continually robbed Peter to pay Paul. Eventually this financial morass left the parties in financial shambles as demonstrated by their respective financial affidavits. Although the premises at 227 Ryegate Terrace have been renovated and enlarged the defendant is now left with a first mortgage with an approximate balance of $169,000. However upon at the time of the mortgage she was only indebted in the amount of $20,000 under a first mortgage and approximately $30,000 owed to her husband on a buy out. It appears the cost of renovations in enlarging the house ran approximately $70,000 to $75,000 so it would appear that CT Page 3177 approximately $50,000 in indebtedness is attributable to the reckless use of credit cards as aforementioned.
In addition to the financial problems the parties experienced, there was also a great deal of social acrimony. However, it would serve little purpose to reiterate the details of said social acrimony. Both parties are at fault in the breakdown of the marriage. However, it would serve little purpose to ascribe any percentage of breakdown. Suffice it to say that the marriage was ill-fated from the beginning and has broken down irretrievably.
The court has considered all of the criteria of 46b-81, 46b-82
and 46b-84 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria. Weiman v. Weiman, 188 Conn. 232,234. (1982).
The court, in addition to the foregoing findings, finds as follows:
1) There is requisite jurisdiction.
2) The allegations of the complaint have been proven and are true.
3) There has been an irretrievable breakdown of the marriage.
4) The judgment of the court on May 6, 1993, granting dissolution of the marriage, is hereby confirmed and ratified.
5) The previous order of the court, on September 1, 1993, changing the name of the defendant to Sharon Zakos is also ratified and confirmed.
The court enters the following orders.
1) The plaintiff husband is ordered to pay alimony to the defendant wife in the amount of $100 per week which shall terminate upon any of the following events occurring earliest: CT Page 3178
(a) Death of the defendant;
(b) Death of the plaintiff; or
(c) The term of 10 years.
The court intends the payment of alimony to survive the defendant's remarriage or co-habitation by the defendant with an unrelated male under the provisions of 46b-86(b) of the General Statutes. However the circumstances of remarriage and/or co-habitation shall constitute a substantial change in circumstances thereby permitting the plaintiff to file a Motion For Modification.
By way of explanation the court finds the defendant's financial predicament is primarily the fault of the plaintiff and now she has the obligation to make mortgage payments in order to pay off and satisfy a mortgage with an original principal balance of $172,000 and the defendant needs financial help to accomplish the same. It is also a finding of this court that the plaintiff is also directly attributable for at least $50,000 of the present indebitness [indebtedness] on the real estate so that the payment of $100 per week for 10 years will approximate $50,000. It is also the order of this court that said payments of alimony are for the support and maintenance of the defendant.
2) The plaintiff shall take out and maintain, in the event the same is available at normal insurance rates plus a surcharge of not more than 10%, a $50,000, 10 year decreasing policy naming the defendant as beneficiary thereon in the amount equal to the balance which the defendant owes the plaintiff under paragraph one of this decision.
3) The defendant shall retain all right, title, and interest to the premises identified as 227 Ryegate Terrace, Stratford, Connecticut, without claim by the plaintiff. However, the defendant shall assume and be responsible for all encumbrances on said property and carrying charges incident to said property including first mortgage payments, taxes, insurance, sewer charges, repairs, etc.
4) The plaintiff shall be responsible for all liabilities as shown on his financial affidavit with the exception of the Chase Mortgage shown there on. In addition the plaintiff shall hold the defendant harmless and indemnify her of all charges and costs she may incur by reason of the plaintiff's default on any of said CT Page 3179 liabilities.
5) The plaintiff shall retain all right and title to those assets as shown on his financial affidavit as follows:
(a) Personal items — $500;
(b) Quincy Savings — $200;
(c) 401K Business Express Account — $5,995.24
In addition the plaintiff shall retain that 1973 Pace Maker Boat, however subject to the UCC-1 file by the wife.
As regards to life insurance, as shown on the plaintiff's financial affidavit, the plaintiff may retain such life insurance without the claim by the defendant.
6) The defendant shall retain the 1990 Subaru Legacy Automobile as shown on her financial affidavit without claim by the plaintiff and shall be responsible for any loan balance thereon.
7) The defendant shall also retain said People's Bank I.R.A. as shown on her financial affidavit.
8) As regards to the defendant's liability, as shown on her financial affidavit, the defendant is ordered to be responsible for all said liabilities with the exception of the Fleet second mortgage shown as a balance of $22,675.08 which the plaintiff by virtue of paragraph four (4) hereof has been ordered to be responsible therefore, and the defendant further shall hold the plaintiff harmless therefrom and indemnify her of any costs and charges she may incur by reason of the plaintiff's default thereon.
9) The plaintiff shall promptly provide a discharge and release of the Lis Pendens filed by the plaintiff against the subject real estate.
So ordered.
JOHN W. MORAN, JUDGE CT Page 3180