[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION OF ALIMONY
On March 20, 1995 plaintiff filed with this court a CT Page 147 motion for modification of an order concerning alimony entered by Daly, J., on December 8, 1994 at the time the marriage of the above parties was dissolved. That order provided that defendant pay to plaintiff as alimony the sum of $1 per year. The court at that time also retained jurisdiction "to deal with the alimony issue."
At the time the dissolution decree was entered, the defendant was unemployed. In a hearing before this court on December 5, 1995 defendant testified that he had been out of work for two years prior to beginning his present employment on March 1, 1995 as vice-president in charge of development for Trigen Energy Corporation which is located in White Plains, New York. Defendant's current financial affidavit reflects a gross weekly income of $1,154 from his employment with a weekly net of $630 after the usual deductions. Defendant also receives a weekly car allowance of $271. From that he deducted weekly lease payments of $161, insurance of $39 and parking of $13 for a net of $58 from the car allowance. His total present net weekly income from employment he claims to be $688.
On cross-examination it was determined that defendant's insurance deduction was for two cars and that his parking expense was incurred at his home. The court will disallow the parking expense but will allow a deduction representing 50% of his car rental and insurance costs ($200) amounting to $100, thus giving defendant gross taxable income of $171 on his car allowance. It is noted that defendant's financial affidavit indicates that 35% of his gross income has been deducted for federal and state income tax purposes. Using the same ratio, it is found that defendant's net weekly taxable income from his car allowance is $222 which, together with the $630 from his employment, provides him with a total weekly net income of $741 for purposes of this hearing.
Plaintiff's financial affidavit indicates that she is presently unemployed and that her present net weekly income from investments is $155.
In her testimony to the court, plaintiff stated that he previous winter she had obtained seasonal employment at Burdine's, a large department store in Tampa, Florida, working 15-20 hours per week at a rate of $5 per hour. She added that she was unable to work longer hours because of neck, hip and CT Page 148 lower back injuries sustained in a car accident some time. ago. She terminated at Burdine's in February, 1995, because "I didn't want to spend my life doing this." She stated she had a secretarial background and was presently taking evening courses in an effort to hone her skills in that area. She concluded her testimony on this subject in stating that she expected to return to work within the next six months and that she anticipated earnings of $12,000 per year at that time.
The court notes the comparative net weekly incomes of the parties and that the weekly expenses of plaintiff, after deducting the medical/dental sum of $39 paid by defendant and allowing her the same deduction as defendant for clothes ($58) and car repairs ($21), amount to $469. It is also reminded that "the purpose of alimony is to meet one's continuing duty to support." Weiman v. Weiman, 188 Conn. 232, 234 (1982).
It is ordered that defendant pay to plaintiff as alimony the sum of $380 per week effective as of March 20, 1995. The defendant has voluntarily paid the plaintiff the sum of $1,126 monthly since that time and shall receive a credit for those payments.
The court recognizes that within the next several months plaintiff may be successful in obtaining suitable employment, but for now is reluctant to make additional alimony orders providing for this uncertain contingency.
Health Insurance
In keeping with the provisions of paragraph 3 of the Judgment dated December 8, 1994, defendant shall continue to pay plaintiff's medical insurance premiums under the COBRA benefits, said payments to be made in addition to the award of alimony set forth above.
Life Insurance
Plaintiff requests finally that defendant maintain a life insurance policy in the amount of $200,000 with plaintiff as irrevocable beneficiary for the duration of her alimony obligation.
The Judgment of December 8, 1994 required defendant to "maintain his present life insurance policy through UTC for as CT Page 149 long as it is available to him." Defendant's financial affidavit, filed with the court on that date, is silent on the subject of life insurance. The court is further unaware of the cost of such a policy or of defendant's ability to obtain and pay for it. Being mindful of the ruling in Wolf v. Wolf,39 Conn. App. 162, 171 (1995), this court denies plaintiff's request and rules that the existing order concerning life insurance remain in effect.
BY THE COURT,
John D. Brennan State Judge Referee