[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this dissolution action were married on October 7, 1972, at Meriden. The plaintiff's maiden name at the time of the marriage was Norma Richardson. The court finds that the plaintiff has resided continuously in this state one year next to the filing of the complaint and that personal service of a copy of the complaint was made upon the defendant on June 28, 1995.
There have been three children born who are issue of the marriage. Only one of the children, Michael Barillaro, born May 1, 1980, is a minor. No other minor children have been born to the plaintiff since the date of the marriage.
The plaintiff's complaint sought a legal separation on the ground of irretrievable breakdown. At trial the court allowed the plaintiff to orally amend her prayer for relief so that she seeks, instead of a legal separation, a dissolution of the marriage.
On December 7, 1995, the defendant filed a counterclaim in which he seeks a dissolution of the marriage, also based on its irretrievable breakdown.
Both parties were represented by counsel, were present throughout the limited contested hearing, and testified at some length.
The court finds that neither the State of Connecticut nor any public agency has contributed to the support or maintenance of the parties.
The parties have had marital problems for a long period of time. The defendant instituted dissolution proceedings in 1988. They later reconciled, and the action was withdrawn. In July 1995 the defendant left the marital residence, and the parties have had little contact since. Whether the defendant's departure was CT Page 1402 voluntary or at the plaintiff's urging is a matter on which they disagree.
The court finds that the marriage of the parties has broken down irretrievably. No worthwhile purpose is served by detailing the reasons therefor, except to note that fault is essentially evenly divided. Accordingly, a decree of dissolution may issue, and each of the parties is declared to be single and unmarried.
The principal asset of the marriage is the jointly owned real estate which the plaintiff occupies with two of the children at No. 380 Knob Hill Road, South Meriden. The parties generally agree that there is equity of approximately $96,000.
Both parties are in physically good health and have long employment histories. Both have accrued pension benefits which will become payable at retirement age. The plaintiff's pension fund is in a greater amount than the defendant's. The plaintiff currently receives approximately $39,000 in gross annual income from her employment. The defendant is at this time unemployed but optimistic that he will become gainfully employed in California where he intends to relocate. He is sufficiently skilled, and his optimism seems justified.
Neither party seeks an order of periodic alimony, each having waived any claim thereto at trial.
The matters of custody and visitation are not in dispute, and the parties agree on the amount of a support order based on child support guidelines.
Prior to their separation the parties had approximately $56,000 in joint bank accounts. During 1995 each invaded the accounts, applying the proceeds (except for the payment of jointly incurred bills and expenses) for their own personal needs and expenses. There is not a large disparity in the amounts which each has received and used to his or her own benefit, and the original amount has been largely depleted.
In fashioning its orders the court has considered the applicable statutory criteria; Sec. 46b-81, Conn. Gen. Stat.; and additional express findings are not required. Weiman v. Weiman,188 Conn. 232, 234 (1982).
The following orders may enter: CT Page 1403
1. Custody of the minor child Michael Barillaro is awarded to the plaintiff, subject to the defendant's right of reasonable visitation which shall include unrestricted telephone contact.
2. The defendant shall pay $91 by way of weekly support for the minor child.
3. The defendant shall transfer and convey to the plaintiff his right, title and interest in the real estate and improvements at No. 360 Knob Hill Road, South Meriden. In return therefor the plaintiff shall give to the defendant her promise in writing to pay to the defendant $32,000, such amount to be secured by a second mortgage on the premises. The amount shall be due and payable on the earliest of the following occurrences: (1) death of the plaintiff; (2) sale of the premises; (3) May 1, 1998 (i.e., the date on which the youngest child issue of the marriage attains his majority). The plaintiff shall be liable for payment of any outstanding mortgage debt, and she shall maintain appropriate homeowner's insurance coverage on the premises to protect the defendant's equitable interest therein. The plaintiff shall otherwise indemnify and hold the defendant harmless from liability for taxes, liens, encumbrances, and claims which may relate to the property.
4. Household furnishings and contents shall be and remain the property of the plaintiff, with the exception of any items which are of exclusively personal or sentimental value to the defendant.
5. The plaintiff shall have all interest and title to a certain 1991-Buick LeSabre automobile and a certain 1983-Chevrolet station wagon, and the defendant shall transfer and assign any interest he may have in such vehicles to her.
6. The parties shall share equally in any medical, dental, and related expenses not covered by health insurance which are incurred by or for the benefit of the minor child.
7. The parties shall retain their respective interests in their pension accounts and shall be responsible for personal debts and obligations as reflected in the financial affidavits on file.
The court waives the statutory (Sec. 46b-69b, Conn. Gen. Stat.) requirement that the parties participate in a parenting education program.
The judgment file is to be prepared by Attorney Robert L. Sweeney Jr.
Gaffney, J. CT Page 1404