[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BACKGROUND
The marriage of the parties was dissolved by a judgment of this court (Ballen, J.) on September 27, 1991. As part of the orders entered at that time, the defendant was ordered to pay to the plaintiff the sum of $1,250.00 per month as periodic alimony for a period of 11 years from July 1, 1991.
On February 16, 1996, the defendant filed a Motion for Modification of Alimony citing a substantial change in his financial circumstances.
On March 11, 1996, the plaintiff filed a Motion for Contempt, alleging that the defendant had failed and refused to pay alimony as ordered and claiming an arrearage of $3750.00 as of the date of that motion.
The court has considered all of the criteria of Sections 46b-81
and 46b-82, C.G.S., together with all of the evidence and the case law. The court is not obligated to make express findings on each of these statutory criteria. Weiman vs. Weiman, 188 Conn. 232,234 (1982).
After hearing evidence and testimony regarding both of the above-mentioned motions, the court makes the following findings and conclusions.
At the time of the original judgment on September 27, 1991, the defendant was employed by Mt. Mansfield Corp., a Stowe, Vermont resort, and reported an average net weekly income of CT Page 5123-CC $810.69 or approximately $42,000.00 per year. At the same time, the plaintiff was employed by Woodrun Management Corp., Weston, Connecticut, and reported an average net weekly income of $505.00 per week, or $26,260.00 per year.
In May 1995, the defendant's employment with the Mt. Mansfield resort ended with his termination by his employer. The defendant testified that he embarked on a seven-month job search which included the utilization of executive search firms and networking with friends. He testified that in the course of his search he answered approximately 376 job advertisements, made 600 "contacts," and participated in over a dozen job interviews. The scope of his search was from Boston to Philadelphia.
In early December 1995, he obtained his current job as Director of Administration and Finance with the Vermont Council on the Humanities. His financial affidavit indicates that his gross weekly income is $808.00, and his net weekly income from all sources is $536.00, or approximately $28,000.00 per year.
The plaintiff is currently employed by Redstone Management Services in Weston, and her gross weekly income is reported to be $900.00, and her net weekly income from all sources is $623.00, or approximately $32,400.00 per year.
The defendant offered testimony that after his termination, the parties agreed between themselves that the defendant's alimony obligation would be reduced from $1250.00 per month to $1050 per month for five months, from August to December 1995.
The last alimony payment by the defendant to the plaintiff was in December 1995, in the amount of $1050.00.
The defendant bases his motion for a modification of his alimony obligation on the downward turn his annual income took when he was discharged by Mt. Mansfield Co. in May 1995. A review of the defendant's 1994 1040 return and W-2 form permits a finding that his gross earnings that year was approximately $85,174.00. His gross earnings in 1995, including severance pay is found to be $75,345.00.
By his own testimony, the defendant is found to have spent $6500.00 from one account in April 1996 to pay bills. Additionally, the defendant reduced the amount of life insurance in existence at the time of the dissolution and spent the CT Page 5123-DD $1700.00 which he received. He testified this amount also was applied to bills at a time when he was not paying the alimony ordered by this court.
The defendant candidly testified that he had opted to accept employment with the Vermont Council on the Humanities, at a substantial reduction in his previous income, because it was the only offer available to him, but also because he wished to continue to enjoy the "quality of life" that one experiences when living and working in the State of Vermont.
It appears to this court that the defendant has chosen to continue employment in Vermont even if it means earning less than he might in some other location. His earning capacity is found to be greater than the $531.00 he reported on his most recent financial affidavit. In addition, the court finds, by his own testimony, that as recently as April 1996, he has chosen to use what assets he could liquidate to pay certain personal expenses rather than meet his legal obligation to pay $1250 alimony each month to the plaintiff. The court finds that no alimony payments have been made since December 1995 and that for the previous five months the defendant paid only $1050 per month to the plaintiff as alimony. While that reduced payment was by agreement of the parties, it was not consistent with the orders of this court then in effect. This was done during a year when the defendant, according to his own W-2 statement, was to earn more than $85,000.00.
Notwithstanding the testimony of the defendant that his current income is considerably less than it was at the time of the original order for alimony, the court finds that he enjoyed a considerable increase in income during the intervening years right on through 1995 and was able to make contributions to bank accounts and make other investments which he still retains.
This court can enter orders which exceed a party's earnings if it finds that said party has assets which he can and has accessed for his own purposes. Graham vs. Graham, 25 Conn. App. 4
(1991).
For the foregoing reasons the defendant's motion for modification of his alimony obligation is hereby denied.
The court finds that the defendant was aware of his obligation to pay to the defendant the sum of $1250.00 per month CT Page 5123-EE as periodic alimony, and that the defendant has knowingly and willingly failed to make such payments from December 1995 to the date of the hearing on the motions before the court, despite the fact that he had the financial ability to do so.
The court finds the defendant to be in contempt of the order of this court entered on September 27, 1991, by his failure to pay said alimony obligation. The court finds an arrearage in the amount of $6,250.00.
The defendant is ordered to pay to the plaintiff the sum of $6,250.00 within 180 days from the date of this memorandum.
The defendant is also ordered to pay to the plaintiff the sum of $500.00 as contribution toward her attorneys fees. Said sum is to be paid to the plaintiff within 60 days of this order.
BY THE COURT,
JOSEPH W. DOHERTY JUDGE