[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the above-named parties was dissolved by a judgment of this court (Thim, J.) on October 26, 1993. As part of its judgment, the court incorporated the agreement of the parties that the plaintiff pay to the defendant the sum of $4,000.00 per month as unallocated alimony and child support for the parties two minor children, Alexandra and Elliot.
On May 20, 1996, the plaintiff filed the instant motion for modification of that monthly obligation, citing a substantial reduction in his gross income since the original order in 1993.
The court has considered all of the criteria of Sections 46b-81
and 46b-82, C.G.S., together with all of the evidence and the case law. The court is not obligated to make express findings on each of these statutory criteria. Weiman vs. Weiman, 188 Conn. 232,234 (1982).
The court heard evidence and testimony of both parties regarding the motion and makes the following findings and conclusions.
According to the plaintiff's own financial affidavit, dated October 26, 1993, at the time the current financial orders were entered, the plaintiff-husband was earning a gross monthly income of $8,333.33 or approximately $1937.98 weekly, and was netting approximately $1,391.33 per week, or approximately $72,350.00 per year.
At the present time, the plaintiff is grossing $2,019.20 per week, and netting approximately $1,609.00 per week or approximately $83,668.00 per year.
The plaintiff further testified that he received a "$12,000.00 lump sum payment" in February 1995.
His net assets as listed on his 1993 financial affidavit were $210,827.50. On his current financial affidavit they are listed as $104,912.00. Conspicuous by their absence on his current affidavit are his pension, which in 1993 was valued at $39,677.00 and an IRA valued at $3,073.00 in 1993. His valuation of his CT Page 5123-AA equity in the former marital residence in Easton is $50,000.00 — approximately $22,000.00 less than his 45% interest as calculated by the defendant in her financial affidavit (based upon a fair market value of $246,000.00).
Since the last orders of the court, the plaintiff has acquired a 1959 Mercedes automobile, which he testified is mortgaged to a friend, and a 25-foot Proline boat valued by the defendant at $17,500.00 which he testified was a gift from his father. Also added are 550 shares of Cognitronics which he values at $2,750 ($5.00 per share).
He also acquired almost $20,000.00 debt on credit cards — none of which existed at the time of the dissolution.
The one major discrepancy in the plaintiff's evidence is the introduction by him of his 1993 1040 tax return which indicates that his total income for 1993 was $155,086, with an adjusted gross income of $141,586. That differs substantially from his 1993 financial affidavit submitted at the time of the dissolution. That affidavit, as noted above, indicated his gross annual income, when extrapolated, to be $99,999.96. The orders of $4,000.00 alimony were based upon that affidavit. To allow the plaintiff to now claim that his income back then was actually $155,086.00 and to use that sum as a basis for determining how much his annual income may have gone down over the last three years (to $105,000.00 in 1995, if you believe his testimony and financial affidavit dated 4/17/96) would be inconsistent with the Appellate Court's ruling in the O'Bymachow case. There, as in the instant case, a party sought to offer testimony at a modification hearing that the value of property as reported by him at the time of judgment was incorrect. The court held that both the other party and the court were entitled to rely on the evidence presented at the time of the judgment. It refused to allow the newly offered values to be used as the financial base for purposes of seeking a modification of monetary orders. O'Bymachowvs. O'Bymachow, 12 Conn. App. 113, 118-119 (1987).
For the foregoing reasons, the court finds that the plaintiff has failed to meet his burden of proof in regard to the motion for modification and, accordingly, the motion is hereby denied.
BY THE COURT,
JOSEPH W. DOHERTY CT Page 5123-BB JUDGE