[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved on June 5, 1987 by this court (Bassick, J.).
The original judgment obligated the defendant husband to pay one ($1.00) dollar per year as alimony, and permitted the plaintiff to seek a modification of that amount upon the occurrence of specific changes in the defendant's employment and/or income. By the parties agreement, "any hearing to modify alimony of $1.00 per year shall be on a `Fresh Look' basis by the court, without the necessity of the parties demonstrating a change in financial circumstances not forseen (sic) by the parties at the time of the dissolution." (Sep. Agreement, Para. 3.1, pp. 3-4).
On November 27, 1990, this court, (Hauser, J.), modified the alimony obligation of the defendant and ordered him to pay to the plaintiff alimony in the amount of $150.00 per week.
The plaintiff has filed a motion to modify the current alimony order.
Having heard argument concerning the motion to modify alimony, the court makes the following findings and conclusions. The court has considered all of the criteria in Sec. 46b-81, and46b-82, C.G.S., together with all the evidence and case law. The court is not obligated to make express findings on each of these statutory criteria. Weiman vs. Weiman, 188 Conn. 232, 234 (1982).
At the time of the last order establishing the alimony obligation at $150.00 per week, the plaintiff's financial affidavit, dated November 21, 1990, reflected her average gross weekly income from her employer, Xerox, to be $367.39. She also received support in the amount of $275.00 per week from the defendant. The plaintiff's net weekly income from all sources was reported to be $574.69.
The plaintiff's current financial affidavit, dated May 16, 1996, indicates that the plaintiff is currently unemployed and is receiving a Workers' Compensation benefit of $440.00, plus a CT Page 5123-KK Social Security benefit of $107.44 per week, plus alimony in the amount of $150.00 per week, and also interest and dividend income in the amount of $42.53 for a total gross weekly income in the amount of $739.37. After claimed deductions of $38.50, her average net weekly income from all sources is reported to be $701.47.
The plaintiff is currently receiving Workers' Compensation payments as a result of her inability to work due to a carpal tunnel syndrome claim and a claim of emotional stress disability. Her claim for permanent disability is still pending.
Since the last orders of the court, the plaintiff is no longer entitled to receive support contributions from the defendant, the parties' three children having attained majority.
The defendant husband's financial affidavit indicates that he is currently employed by Collector Communications Corporation and receives an average gross weekly income from that employment in the amount of $1,442.30 or approximately $75,000.00 per year. He also receives interest in the amount of $17.30 per week or approximately $900.00 per year, for an approximate gross annual income of $75,900.00. The defendant claims deductions which would reduce his total net income to approximately $896.33 per week or $46,600.00 per year.
In addition to the "Fresh Look" provision in the parties' judgment, Para. 3.5, Sep. Agreement provides, in part, that "if the Court fixes a new amount for alimony . . . said new amount shall not exceed on a weekly basis sixty (60%) per cent of the Husband's gross employment wages less deductions. . ."
The defendant criticizes the financial practices of the plaintiff since the last orders of the court. He points out that she exercised poor judgment in regard to her most valuable asset, her A. G. Edwards investment account which she lists on her most current financial affidavit as having a value of $236,922.04. Specifically, he notes that her return of interest on that fund indicates it pays her several per cent less than even conservative investments. So much so that her failure to make it work harder for her is analogous to a wage earner who refuses to work up to his or her potential. The defendant asks the court to consider an "earning capacity" standard be applied when evaluating the plaintiff's financial picture. He also criticizes the plaintiff's election to take a loan against the fund in order CT Page 5123-LL to purchase a house which he feels exceeds her needs.
The plaintiff's use or misuse of her funds would be of considerable concern to the court if "change in circumstances" was the sole measuring stick for determining the appropriateness of a modification of alimony. In this case, however, the parties' own "Fresh Look" provision makes those arguments of the defendant less viable. The defendant's change in income or employment is the primary factor the court is encouraged to consider by the parties' own agreement.
The court has also considered the appreciation of the plaintiff's assets and the increase in her average net weekly income as part of its basis for modifying the current orders
This court is of the opinion that the "Fresh Look" which the parties bargained for and which the court incorporated by reference into the judgment, when read together with the provision for a new amount not to exceed 60% of the defendant's [net] income, permits the court to enter the following order.
The defendant is ordered to pay to the plaintiff the sum of $375.00 per week as periodic alimony.
The foregoing order is based upon the financial picture of the parties at the time if the hearing. Any appreciable change in the income and assets of the parties, including the termination of Workers' Compensation weekly benefits and/or the receipt by the plaintiff of a substantial lump sum settlement of her claim, may require future modification of this order by the court.
BY THE COURT,
JOSEPH W. DOHERTY JUDGE