[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on June 2, 1984 at Bridgeport, Connecticut. There are two minor children issue of the marriage: Alana Lynn, born December 6, 1985 and Brittany Lynn, born November 11, 1986. The plaintiff, in her complaint, and the defendant, in his cross-complaint, each seeks a dissolution of the marriage, joint custody of the minor children and an assignment of the other's estate.
The plaintiff is thirty-three years of age. She is a high school graduate. The defendant is thirty-seven years of age. He is a high school graduate and has completed one year of college. Both parties are in good health. The parties are co-owners of two restaurants named "Tartaglia's". One of the restaurants is located on Madison Avenue, Bridgeport, the other restaurant is located in Derby.[1]
The parties knew each other for four years prior to their marriage. The plaintiff was still in high school and worked in a bakery. The defendant was working and out of high school. In 1982, the defendant acquired John's Pizza for a purchase price of forty-five thousand ($45,000.00) dollars. Eventually, the defendant bought out his partner for ten thousand ($10,000.00) dollars. Eight thousand ($8,000.00) dollars of the ten thousand ($10,000.00) dollars came from the plaintiff. The balance of the purchase price came from money the partner owed the defendant. CT Page 5284-GGGGGGG Sometime thereafter, both parties worked exclusively at the restaurant, the defendant having given up her job as a travel agent. The plaintiff's parents have worked at both restaurants for the past nine years without being paid for their services. The parties changed the name of the restaurant to "Tartaglia's" eight years ago. Along with the name change, the restaurant went from pizzas to more of an upscale full service restaurant. In October 1993, the parties opened a second restaurant in Derby. The defendant ran the Derby restaurant when it first opened and the plaintiff, her parents and brother ran the Bridgeport restaurant. After the parties separated, the parties exchanged the restaurants.
The parties lived with the defendant's parents for eight months after their marriage. The parties then moved into a condominium they purchased for sixty thousand ($60,000.00) dollars. Thirty thousand ($30,000.00) dollars came from the parties' savings and the balance came from the plaintiff's parents. The condominium is located at 1300 Capitol Avenue, Unit C in Bridgeport. The fair market value of the condominium unit is thirty thousand ($30,000.00) dollars. The parties then moved into the marital residence located at 124 Bug Hill Road, Monroe. The condominium has been leased to tenants. The land for the marital home was purchased in 1984 by the defendant and his family. The land was subdivided and the parties were given the largest of three lots. The parties built the home with the help of both families. The defendant and his family provided the labor for the construction of the house, which took four years to construct. The plaintiff's family helped paint the interior of the house. The plaintiff's parents lived with the parties for nine years with the defendant's knowledge and consent. The plaintiff's brother has lived off and on with the parties. The plaintiff's parents and brother currently live with the plaintiff in the marital residence. The plaintiff's family never paid any expenses while living with the parties.[2] The defendant's mother and sister live in a house next door to the marital home. The defendant's brother lives in a house on the other side of the marital home from the defendant's mother and sister.
During the marriage, the parties had an active sex life. However, just prior to the separation of the parties and the filing of this action, the defendant admitted to the plaintiff that he had been having sexual affairs with numerous (approximately fifteen) other women since the first or second year of their marriage. One of these affairs was with an employee CT Page 5284-HHHHHHH of the restaurant and took place in an office room of the Derby restaurant. Another of the affairs took place while the parties were on vacation with each other and another couple. The defendant had sexual relations with the wife of the other couple in their hotel room while the plaintiff and the husband of the other couple were down at the beach. These affairs were the cause for the breakdown of the marriage.
The plaintiff is and has been throughout the marriage the primary caretaker of the minor children. Throughout the marriage, the plaintiff took care of the books for both restaurants. The plaintiff presently runs the Derby restaurant and the defendant runs the Bridgeport restaurant. The defendant does more catering than the plaintiff. Sometime after the parties separated the defendant gave twelve thousand ($12,000.00) dollars in cash to the plaintiff to help defray her costs. Said cash had been hidden in the basement of the marital home. The court does not find the financial affidavits of either party to be credible in respect to their incomes. After reviewing the testimony of both parties and all the exhibits, especially exhibits 1, 2, 3 and 4, the court finds the plaintiff's present net income is seven hundred ($700.00) dollars per week and the defendant's present net income is seven hundred ($700.00) dollars per week.[3]
At the time of trial, the parties stipulated that they would share joint legal custody of the minor children, the minor children would reside with the plaintiff and the defendant would have reasonable, liberal and flexible visitation with the minor children. The Court finds the stipulation to be fair and equitable under all the circumstances and in the best interest of the children. Also at the time of trial, both parties knowingly and voluntarily waived their right to alimony.
On July 17, 1996, the parties entered into the record a stipulation, dated July 16, 1996, regarding the filing of a joint 1995 tax return. The Court finds the stipulation to be fair and equitable under all the circumstances and shall incorporate it by reference into this decision.
The Court has considered all of the criteria of §§ 46b-81
and 46b-82 and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial Court ritualistically to rehearse the statutory criteria that it has taken into account",Scherr v. Scherr, 183 Conn. 366, 368 (1981), this Court will not CT Page 5284-IIIIIII recount those statutory criteria and the evidence, other than as has been previously stated. "The Court is not obligated to make express findings on each of these statutory criteria." Weiman v.Weiman, 188 Conn. 232, 234 (1982). Suffice to say that the Court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v.Leo, 197 Conn. 1, 5 (1985), and that the Court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307,313-14 (1991).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
5. Based on the incomes of both parties, this action falls within the child support guidelines.
The court enters the following orders:
1. Joint legal custody of the minor children is awarded to the parties. Physical custody of the minor children shall be with the plaintiff. The defendant is awarded reasonable, liberal and flexible rights of visitation.
2. The defendant shall pay to the plaintiff as child support the sum of two hundred four ($204.00) dollars per week. An immediate wage execution shall issue.
3. No alimony is awarded to either party.
4. Pursuant to Connecticut General Statutes § 46b-81, as a division of property, the plaintiff is awarded the Derby restaurant and the defendant is awarded the Bridgeport restaurant. Each party shall be responsible for the outstanding debts of their respective restaurants. All personal property located at each restaurant shall remain with said restaurant, except the defendant shall immediately transfer the 1989 GMAC van to the plaintiff. CT Page 5284-JJJJJJJ
5. Pursuant to Connecticut General Statutes § 46b-81, as a division of property, the marital home located at 124 Bug Hill Road, Monroe, Connecticut and the condominium located at 1300C Capitol Avenue, Bridgeport, Connecticut shall be immediately placed on the market for sale. Both pieces of property shall be sold pursuant to the July 16, 1996 stipulation which is now an order of this court. From the proceeds of the sale of the marital home the following shall be paid:
 a) All mortgages, liens, real estate commissions and other customary closing costs;
 b) The People's Bank credit line with a current balance of approximately five thousand seven hundred forty ($5,740.00) dollars;
 c) American Express Optima Card with a current approximate balance of six thousand seven hundred ($6,700.00) dollars;
 d) Signet Loan with a current approximate balance of four thousand four hundred ($4,400.00) dollars;
 e) BankOne MasterCard with a current approximate balance of eight thousand eight hundred ($8,800.00) dollars;
 f) The balance of the net proceeds shall be divided sixty-five (65%) percent to the plaintiff and thirty-five (35%) to the defendant.
From the proceeds of the sale of the condominium the following shall be paid:
 a) All mortgages, liens, real estate commissions and other customary closing costs;
 b) The balance of the net proceeds shall be divided sixty-five (65%) percent to the plaintiff and thirty-five (35%) to the defendant.
 Until such time that the marital home is sold, the plaintiff shall have exclusive possession of said marital home and shall be responsible for all mortgages, taxes, utilities and other customary costs for the property, except that any necessary repairs in excess of two hundred ($200.00) dollars shall be paid sixty-five (65%) percent by the plaintiff and thirty-five CT Page 5284-KKKKKKK (35%) percent by the defendant.
 Until such time that the condominium is sold, the defendant shall continue to rent it, collect the rents, be responsible for all mortgages, taxes, utilities and other customary costs for the property, including common charges, except that any necessary repairs in excess of two hundred ($200.00) dollars shall be paid sixty-five (65%) percent by the plaintiff and thirty-five (35%) percent by the defendant.
6. The plaintiff shall be responsible for and indemnify and hold the defendant harmless from any loan or loans she may have received, whether jointly with the defendant or personally, from members of her family. The defendant shall be responsible for and indemnify and hold the plaintiff harmless from any loan or loans he may have received, whether jointly with the plaintiff or personally, from members of his family. Said indemnification shall include, but not be limited to, reasonable attorneys' fees.
7. Pursuant to Connecticut General Statutes § 46b-81, as a division of property, the defendant shall immediately transfer the 1973 Mercedes automobile to the plaintiff. Pursuant to the stipulation of the parties entered at the time of trial, all other personal property shall be divided by the parties. If the parties cannot reach an accord on said personal property, the issue of the division of said personal property shall be referred to the Family Relations office for mediation. The court shall retain jurisdiction over the issue of the division of personal property.
8. The defendant shall maintain a life insurance policy on his life in the amount of two hundred thousand ($200,000.00) dollars designating the minor children as the irrevocable beneficiary for as long as he shall have an obligation to support said minor children.
9. The defendant shall maintain the existing medical insurance or its equivalent for the minor child. The provisions of Connecticut General Statutes § 46b-84(d) shall inure to the benefit of the plaintiff. Any unreimbursed medical, dental, optical, orthodontic and any prescriptive drug expenses shall be shared equally by the parties; except, the defendant shall be responsible for all psychiatric and/or CT Page 5284-LLLLLLL psychological therapy, including related prescriptive drugs, for the minor child. The plaintiff shall be able to exercise any COBRA rights that may be available to her through the defendant's medical insurance policies, at her own expense.
10. Each party shall be responsible for the payment of their own attorney's fees.
11. For as long as the defendant shall have child support obligations, the parties shall send a copy of their current W-2 and/or 1099 Statement and Federal Income Tax Return annually to the other party within 30 days of the actual filing date. On a monthly basis, the parties shall exchange copies of the "statement of income and expenses" and the "cash disbursements journal" or their equivalent for each restaurant. An example of said statements is exhibit 3. On a monthly basis, the parties shall exchange copies of all catering sales invoices. An example of said "catering sales invoice" is exhibit A.
12. Pursuant to the written stipulation dated July 16, 1996, the parties shall file a joint income tax return, both Federal and State, for the year 1995. All other terms and conditions of said stipulation are now orders of this court.
13. All other assets and/or liabilities of the parties shall remain the asset and/or liability of the party upon whose financial affidavit said asset and/or liability appears.
14. A decree of dissolution of marriage shall enter on the plaintiff's complaint on the ground of irretrievable breakdown of the marriage.
MINTZ, J.