[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. At the time of trial, the parties had been married 19 years. There are two minor children, both issue of the marriage. Commendably, the parties have agreed, with the help of the Family Services Office, on a shared custody arrangement. The issues remaining between the parties are solely financial. They include the amount and term of any alimony payable by the defendant, Mr. Francois, to the plaintiff, Mrs. Francois; and their respective shares in the pensions to which they are entitled by virtue of their employment.
Mr. Francois is presently employed for the Regional Water Authority and earns approximately $50,000 per year. The plaintiff works for the Yale-New Haven Hospital Religious Ministries Department and earns approximately $17,000 annually. The plaintiff has a second job at a salon where her earnings equate to approximately $2,400 annually. The plaintiff has a pension with Yale-New Haven Hospital that will have a cash payment of $8,490.90 as of November 30, 1997. The defendant's pension with the Regional Water Authority presently will provide the defendant with monthly payments of $898.06 based on a retirement age of sixty-five.
The court heard copious testimony from both parties as to the causes of the breakdown of their marriage. Based upon that testimony, and reasonable inferences to be drawn from such testimony, the cause of the breakdown seems to have been Mr. Francois' relationship with several other women during their marriage. While it is not clear that each of these relationships were adulterous in nature, statements made by Mr. Francois in the presence of Mrs. Francois clearly indicate an adulterous extramarital relationship. Further counseling did not resolve the issues of drug and alcohol abuse and betrayal of trust within the marriage. While it is a truism that both parties are responsible for any marriage's breakdown, the weightier contribution rests CT Page 11786 with Mr. Francois.
The court has considered all of the criteria of Sections46b-62, 46b-81, 46b-82 and 46b-84 of the General Statutes, together with the applicable case law. Since "it would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account,"Scherr v. Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated subsequently in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry,24 Conn. App. 307, 313-14 (1991).
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably, Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
1. The marriage of the parties is hereby dissolved on grounds of irretrievable breakdown.
2. The Wife shall be restored her maiden name of Mary Mongillo.
3. The parties shall share joint legal custody of the minor children. The primary physical residence will be with the plaintiff. The parties shall confer with each other on all important matters pertaining to the health, welfare, education, and upbringing of their children with a view toward arriving at a harmonious policy in the best interest of the children.
4. The defendant shall pay child support to the plaintiff for the two minor children in accordance with the child support guidelines.
5. The defendant shall pay $135.00 per week as periodic CT Page 11787 alimony until December 30, 2002. Thereafter, he shall pay $1 per year until the death of either party.
6. The defendant shall provide a life insurance policy in the amount of $50,000.00 for each minor child, naming each child as the irrevocable beneficiary with Mary Francois as trustee for both said policies.
7. The plaintiff shall continue to provide health insurance, during employment, for the benefit of the two minor children. Any non-insured or otherwise unreimbursable expense shall be divided equally between the parties. The defendant shall provide insurance for dental and eye care, and health insurance in the event of loss of employment by the plaintiff.
8. Within 30 days of the date of dissolution, the defendant shall quit claim to the plaintiff all of his rights, title, and interest in the premises located at 326 Peck Avenue in West Haven, Connecticut. Thereafter, the plaintiff shall be solely responsible for payments and expenses related to said premises, including but not limited to the first mortgage, the equity loan, and all utilities, and she shall indemnify and hold the defendant harmless from any liability thereon.
9. A Qualified Domestic Relations order shall enter with the following distribution: The plaintiff wife is entitled to 30% of the benefits accrued in the husband's pension during the parties' marriage as of November 1, 1997. The Court retains jurisdiction to enforce the provisions of this order or to order alternative orders.
10. The parties shall divide equally:
A. The plaintiff's Fidelity Tax Shelter
B. The jointly held savings bonds
C. The jointly held Putnam Fund
D. The husband's 401 (K)
11. The defendant shall have the tax exemption for both children for the next two years. In subsequent years, the defendant shall have the tax exemption for the older child, and the plaintiff shall have the tax exemption for the younger child. CT Page 11788 This provision is modifiable if there is a substantive change in the respective incomes of the parties so that the tax effects of the allocation of these exemptions are substantially changed.
12. All of the plaintiff's interest in the trailer and boat is hereby transferred to the defendant, and the plaintiff shall execute all documents necessary to effect such transfer.
13. Except as otherwise ordered herein, all of the assets shown on the parties' respective financial affidavits submitted at the time of trial, including motor vehicles, shall be hers or his without any claim by the other party. Likewise, all of the liabilities shown on these financial affidavits shall be the sole responsibility of the party on whose affidavit they appear, and she and he shall save the other party harmless from any liability thereon.
HOLDEN, J.